# EXHIBIT M

| | |
|---|---|
| DISTRICT COURT<br>DENVER COUNTY<br>COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | Received<br>DEC 26 2007<br>Federal Public Defender<br>San Jose, CA |
| PEOPLE OF THE STATE OF<br>COLORADO,<br><br>Plaintiff,<br><br>v.<br><br>OSIEL VERGARA,<br><br>Defendant. | |
| | Case No. 98 CR 2332 |
| For Plaintiff:<br>Janet Moore,<br>Deputy District Attorney<br><br>For Defendant:<br>Laura Case, Esq. | |

The matter came on for hearing on July 8, 1998, before the HONORABLE LYNN MARTINELLI, Magistrate of the District Court, and the following proceedings were had.

Transcript Prepared By:

CTS West, Inc.
6121 South Quail Way
Littleton, CO 80127
720-922-3581

1

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | JULY 8, 1998                                                         |
| 2  | (Whereupon the court convened and the following                      |
| 3  | proceedings were entered of record.)                                 |
| 4  | (Whereupon Mr. Vergara appears with an Interpreter.)                 |
| 5  | MS. MOORE: Case Number 93 --                                         |
| 6  | THE COURT: 93.                                                       |
| 7  | MS. MOORE: -- on the docket.                                         |
| 8  | THE COURT: I must have put it back in the                            |
| 9  | right spot. I thought I had it up on the desk.                       |
| 10 | Recalling Number 93.                                                 |
| 11 | MS. CASE: Your Honor, we have reached a deal                         |
| 12 | with regard to the preliminary hearing. I have the                   |
| 13 | paperwork. I've spoken to Mr. Sullivan and he has agreed             |
| 14 | to -- this is a plea, probation, and deportation. We                 |
| 15 | could reach sentencing and then when we go up, fine, we              |
| 16 | can set a date certain to either have INS pick him up by             |
| 17 | that date or bring him back in so they can be notified so            |
| 18 | he doesn't just sit there. Because I've been having                  |
| 19 | trouble with people sitting with deportation and not                 |
| 20 | being picked up. Lots of problems.                                   |
| 21 | THE COURT: It seems to depend on who's working                       |
| 22 | the INS, whether or not they're screening any of these               |
| 23 | people or not. A lot of people aren't getting screened               |
| 24 | and then for a week or two they screen everyone. I'm                 |
| 25 | kind of confused.                                                    |

1        Can I have you raise your right hand?

2        (Whereupon Mr. Vergara was sworn by the Court.)

3        THE COURT:  Would you state your full name for

4   the record?

5        THE DEFENDANT:  Osiel Vergara.

6        THE COURT:  You can lower your hand, sir.  Your

7   attorney has given me paperwork indicating you will plead

8   guilty to a Charge of possession of heroin.  The

9   agreement is that you would receive probation as a

10  condition of the probation, you would cooperate with

11  Immigration and Naturalization in deportation

12  proceedings.  Is this how you want to proceed?

13       THE DEFENDANT:  Yes.

14       THE COURT:  You had two original charges.  The

15  possession Charge is the second of the two Charges.  It

16  reads that on the 9th day of June of 1998 in the city and

17  county of Denver, state of Colorado, you unlawfully,

18  feloniously, and knowingly possessed a Schedule 1

19  controlled substance that being heroin.  To the Charge of

20  possession of heroin, how do you want to plead?

21       THE DEFENDANT:  Guilty.

22       THE COURT:  And you know that when you plead

23  guilty, you give up all right to a jury trial?

24       THE DEFENDANT:  What was that?

25       THE COURT:  When you plead guilty, you give up

1   the right to have a jury trial on the case. Do you
2   understand that?
3           THE DEFENDANT: Yes.
4           THE COURT: And are you willing to give up your
5   right to have a jury trial?
6           THE DEFENDANT: Yes.
7           THE COURT: Have you had any difficulty
8   understanding the interpreter?
9           THE DEFENDANT: Yes.
10          THE COURT: That would worry me. You're having
11  difficulty understanding the interpreter?
12          THE DEFENDANT: No.
13          THE COURT: Are you comfortable reading in
14  Spanish?
15          THE DEFENDANT: Yes.
16          THE COURT: Okay. And you read over this
17  advisement form that explained to you all of your rights?
18          THE DEFENDANT: Yes.
19          THE COURT: You understood all of your rights?
20          THE DEFENDANT: Yes.
21          THE COURT: And you're willing to give up these
22  rights and plead guilty?
23          THE DEFENDANT: Yes.
24          THE COURT: And you're willing to admit that on
25  the 9th of June of this year in Denver it was you, not

1   somebody with a similar name or somebody that looked like
2   you, but you who had in your possession heroin; that you
3   knew it was heroin; and that you knew that possession of
4   heroin was against the law?
5           THE DEFENDANT: Yes.
6           THE COURT: The Charge of possession of heroin
7   is a Class 3 felony. It carries with it a presumptive
8   period of incarceration in the State Department of
9   Corrections of between 4 and 12 years. It can carry with
10  it a sentence to as much as 24 years in prison. If
11  sentenced to prison, there's five years of parole that
12  are mandatory. Fines can be imposed of up to three-
13  quarters of a million dollars, and there is a drug
14  offender surcharge of $3,000. Do you understand all
15  those possible penalties?
16          THE DEFENDANT: Yes.
17          THE COURT: Your agreement involves a sentence
18  to probation. The condition of your probation would be
19  that you cooperate in a deportation proceeding.
20  Additionally that you not return illegally to the United
21  States. This will be a felony drug conviction. You will
22  be subject to deportation. You will not be able to
23  receive authorization to legally re-enter the United
24  States. If you return to the United States, you will
25  violate the probation on this case, and you will be

1    sentenced to prison.

2           In addition you would be subject to federal

3    charges of illegal re-entry where you could be sentenced

4    to the federal prison for up to potentially up to as much

5    as 20 years, likely up to 10 years.  Do you understand

6    that?

7           THE DEFENDANT:  Yes.

8           THE COURT:  Do you have any family here in the

9    United States?

10          THE DEFENDANT:  Yes.  All my family.

11          THE COURT:  Will your family return to Mexico

12   with you?

13          THE DEFENDANT:  I don't know, it doesn't depend

14   upon me.

15          THE COURT:  My concern is if you have family

16   here -- do you have children and a wife here?

17          THE DEFENDANT:  No, I don't have a wife here,

18   you know, I just have siblings.

19          THE COURT:  I am more concerned when your wife

20   and children are here because I just do not believe that

21   people will remain separated from their family.  And what

22   you need to know is if you come back, you will spend a

23   very, very long period, a number of years, in prison.  So

24   do you understand that?

25          THE DEFENDANT:  That's fine.

6

1          THE COURT:  Have you had enough time to speak
2  with your attorney?
3          THE DEFENDANT:  Yes.
4          THE COURT:  And you're satisfied with her
5  representation?
6          THE DEFENDANT:  Yes.
7          THE COURT:  Has anyone put pressure on you or
8  coerced you in any way to get you to give up your rights
9  and enter into this agreement?
10         THE DEFENDANT:  No.
11         THE COURT:  Any medication, drugs, alcohol,
12 anything that might cloud your thinking today?
13         THE DEFENDANT:  No.
14         THE COURT:  State's relying on the probable
15 cause affidavit for a factual basis?
16         MS. MOORE:  Yes, Your Honor.
17         THE COURT:  And testing indicated that the
18 substance was positive for heroin?
19         MS. MOORE:  Yes, Your Honor.  And it was it
20 looked like .16 grams.
21         THE COURT:  The Court will find a sufficient
22 factual basis, will accept the Defendant's tendered plea
23 of guilty to possession of heroin, find the plea
24 voluntarily, knowingly, and intelligently made.
25         The State would ask to dismiss Count I?

7

1          MS. MOORE:  Yes, Your Honor.
2          THE COURT:  Count I is dismissed.  The matter
3  will be available for immediate sentencing at the Judge's
4  convenience.
5          (Whereupon these proceedings were concluded.)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

8

## TRANSCRIBER'S CERTIFICATION

STATE OF COLORADO    )
                     )    SS.
COUNTY OF JEFFERSON  )

I, Tami S. Ondik, do hereby certify that I have listened to the tape recording of the foregoing; further that the foregoing transcript pages 1 through 7, were reduced to typewritten form from a tape recording of the proceedings held July 8, 1998, in the Denver County District Court, in the matter of People of the State of Colorado v. Osiel Vergara; and that the foregoing is an accurate record of the proceedings as above transcribed in this matter on the date set forth.

DATED this 19th day of December, 2007.

*[signature: Tami S. Ondik]*

Tami S. Ondik, AAERT CET**D-301